## In the Matter of Stewardson Township, Potter County, Pa., General Election of Township Officers of November 5, 1985

*Perry S. Patterson,* for petitioners.

FINK, *P.J.,* January 3, 1986—On December 13, 1985, three qualified electors of Stewardson Township, Potter County, Pa., filed in the office of the

prothonotary a petition to open the ballot box of Stewardson Township concerning the General Election held on November 5, 1985, with reference to the office of supervisor of said township. Petitioners alleged "upon information which they consider reliable, they believe that fraud or error, not manifest on the general return of votes in said election, was committed in the computation of the votes cast for the office of supervisor in such election district, or in the marking of the ballots, or otherwise in connection with such ballots."

The Canvassing and Computing Board of Potter County certified the returns within Potter County on November 12, 1985.

One of the petitioners, who we understand was involved in the election for supervisor (a one-vote loser), and the winning candidate for supervisor were notified of a hearing scheduled by the court on the petition requesting petitioners and all interested parties to come in to court to be heard on whether or not the ballot box should be opened. A hearing was held on December 24, 1985, at which both candidates were present.

Petitioners relied solely upon section 3261 of the Election Code, 25 P.S. The court, sua sponte, raised the question of whether or not it was necessary for petitioners to allege the acts of fraud with particularity. This appeared to be answered by the last paragraph of subsection (a) wherein it is stated, "It shall not be necessary for petitioners to specify in their petition the particular act of fraud or error which they believe to have been committed, nor to offer evidence to substantiate the allegations of their petition."

It also was pointed out by the petitioners it was not a discretionary matter for the judge but rather a mandatory matter in that under subsection (a) it

was directed that "the Court *shall* open the ballot box . . . if three qualified electors of the election district shall file . . . a petition . . . alleging that upon information which they consider reliable they believe that fraud or error . . . was committed in the computation of the votes cast . . . for any particular office . . . ."

Also raised by the court was the "timeliness" of the petition to open the ballot box as it related to the time of the election as well as the return of the Canvassing and Computing Board. Counsel for petitioner referred to subsection (f) of the above referred section which stated the following: "Ballot boxes *may be opened* under the provisions of this section at any time within four months after the date of the general, municipal, special, or primary election at which the ballots therein shall have been cast."

This court need only address the issues of "timeliness" in order to resolve the issue before the court. This court at this hearing expressed concern of the fact that if petitioners had four months from the November election in which to *file their petition* as petitioner argued, then it would be possible for the person receiving the most votes to not only be sworn in, but perform approximately two months of that office's duties before an ultimate determination were to be made upon possible recount. The court notes that the above referred subsection refers to the time in which the boxes *may be* opened as opposed to the time (four months) in which a *petition may be filed*. It is, therefore, necessary to look to other sections in the code to determine the time for filing the petition.

In this regard, one need only look to section 3263, 25 P.S. §3263, to obtain the statutory mandate in this regard. Section (a) indicates clearly that in no event shall a *petition to open a ballot box* be presented "later than five days after the completion of

the computation and canvassing of all the returns of the county by the county board." Subsection (b) states that "no order or decision affecting the official returns of any election district" shall be presented "unless a petition to open a ballot box or to recanvass the votes on a voting machine shall have been presented before the certification of the returns of the county by the county board or unless a contest shall have been instituted in the manner provided by this article."

In view of that, it appears clear to this court that the filing of the petition was late and cannot be considered in that it was filed after November 17 (five days after return of the Canvassing and Computing Board of the county). Section 3263 above is not inconsistent with section 3261(f) in that we assume that the latter was a legislatively-created opportunity in case of need to grant time in which to open ballot boxes after a petition was timely filed (within five days of the Canvassing and Computing Board return).

Thus, the following

## ORDER OF COURT

And now, January 3, 1986, the petition of the electors of Stewardson Township to open the ballot box in re the office of township supervisor is hereby denied.